NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GAREY LEE MORRISON, *Petitioner*.

No. 1 CA-CR 16-0764 PRPC
FILED 11-7-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-434469-001
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Garey Lee Morrison, San Luis
*Petitioner*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Margaret H. Downie[1] joined.

C A M P B E L L, Judge:

¶1         Garey Lee Morrison petitions for review of the dismissal of his petition for post-conviction relief of-right ("PCR") filed pursuant to Arizona Rule of Criminal Procedure 32.1. We have considered the petition for review and grant review, but deny relief.

¶2         Morrison was indicted for first degree murder after he stabbed his victim in the throat with a knife. Minutes after he stabbed the victim, Morrison called 911 and rendered first aid, but the victim died. Morrison pled no contest to second degree murder, a class 1 felony and dangerous offense. The State agreed to dismiss the allegation of prior felony conviction and agreed that Morrison's sentence would not exceed 20 years' imprisonment. The superior court accepted the plea and set the matter for sentencing.

¶3         At sentencing, the parties presented aggravation and mitigation evidence. The court found three aggravating circumstances; the use of a deadly weapon, the murder was especially cruel, and emotional harm to the victim's family. The court also found four mitigating circumstances; Morrison's remorse, strong family support, mental illness, and drug dependency. After it weighed and balanced the factors, the court imposed an 18-year term of imprisonment.

¶4         Morrison timely commenced PCR proceedings. Counsel was appointed, but after reviewing the record, filed a notice that he had found no colorable claim. Morrison then filed a pro se petition. He claimed his sentence was illegal because the court had improperly used the use of a

_____

[1] The Honorable Margaret H. Downie, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution

deadly weapon as an aggravating circumstance,[2] in violation of Arizona Revised Statutes ("A.R.S.") section 13-701(D)(2), which prohibits this use "if this circumstance is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-704." He also claimed the court did not give sufficient weight to his mental illness as a mitigating circumstance and that it erred in not finding that his brain injury was a mitigating circumstance. After the issues were fully briefed, the superior court dismissed the PCR and this petition for review followed.

¶5        Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 576-77, ¶ 19 (2012). It is Morrison's burden on review to demonstrate that the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). Morrison has not carried his burden. The use of a deadly weapon is not an essential element of second degree murder. *See* A.R.S. § 13-1104(A).  Further, because second degree murder is punishable pursuant to A.R.S. § 13-710, which has no provision for enhanced ranges of sentences, the superior court properly used the use of a deadly weapon as an aggravating circumstance.

¶6        Finally, Morrison's argument that the court did not give sufficient weight to the mitigating circumstance of mental illness, and did not give any weight to his brain injury, is without merit. A sentencing court is not required to find that mitigating circumstances exist merely because mitigating evidence is presented; the court is only required to give the evidence due consideration. *State v. Fatty*, 150 Ariz. 587, 592 (App. 1986). The weight to be given any factor asserted in mitigation rests within the superior court's sound discretion. *State v. Webb*, 164 Ariz. 348, 355 (App. 1990). We will not find an abuse of discretion when, as here, the superior court fully considered the factors relevant to imposing sentence. *Id.* at 355.

---

        [2] Morrison also argued the court improperly used as an aggravating circumstance the "threatened use of serious physical injury." The court however, did not use this as an aggravating circumstance. *See supra* ¶ 3.

¶7        Accordingly, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA